UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA LANSDOWN,<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC, et al.,<br><br>Defendants. | Case No. 22-cv-00763-TSH<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 18, 31 |

## I.   INTRODUCTION

Pending before the Court are a Motion to Dismiss, filed by Defendants Bayview Loan Servicing, LLC ("Bayview") and NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") and a Motion to Dismiss, filed by Defendant Bank of America, N.A. ("BANA").  ECF Nos. 18, 31.  For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss by Bayview and Shellpoint, and **GRANTS** BANA's Motion to Dismiss.[1]

## II.   BACKGROUND

### A.   Factual Background[2]

On April 25, 2001, Lansdown and Ellis Greenberg signed a promissory note and deed of

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 13, 25, and 30.

[2] On May 12, 2022, Lansdown filed an amendment to first amended complaint stating Lansdown discovered Defendants' names and seeking leave to amend the complaint to add defendants BANA and New York Bank Mellon to the complaint.  ECF No. 20.  Defendants did not file an opposition to Lansdown's amendment and the Court has not issued a pretrial scheduling order addressing the deadline to add additional defendants.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."); Fed. R. Civ. P. 15 ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court

trust for real property ("Property"). ECF No. 21 ¶¶ 19-20. In 2003, Greenberg executed a quit claim deed of his interest to Lansdown. *Id*. ¶¶ 21-22; 21-2, Exhibit 2 (Quitclaim Deed). On November 1, 2009, Lansdown fell behind on her mortgage payments because BANA allegedly told her that she needed to fall behind in payments to qualify for a loan modification. *Id*. ¶¶ 24-26. On February 18, 2010, a Notice of Default was recorded against the Property with Bank of New York Mellon named as the creditor. *Id*. ¶ 27.

Lansdown filed a lawsuit in Sonoma County Superior Court against Bayview and BANA. *Id*. ¶ 28. On December 19, 2018, Lansdown and BANA signed a Memorandum of Understanding Re Settlement. *Id*. ¶ 28; 21-3, Exhibit 3 (Memorandum of Understanding). On January 28, 2019, Bayview sent Lansdown a Settlement Agreement and Loan Modification Agreement. *Id*. ¶ 29; 21-4, Exhibit 4. On April 3, 2019 Lansdown signed the Settlement Agreement. *Id*. ¶ 32; 21-6, Exhibit 6 (Settlement Agreement). On May 13, 2019, Lansdown executed the Loan Modification Agreement. *Id*. ¶ 34; 21-8, Exhibit 8 (Loan Modification Agreement). Between February 2019 and August 2019, Lansdown made seven payments towards the Property. *Id*. ¶¶ 34-35. However, Bayview refused some of Lansdown's payments and attempted to foreclose on the Property. *Id*. ¶ 36.

On January 8, 2020, Lansdown obtained a Temporary Restraining Order and prevented foreclosure on the Property. *Id*. ¶ 37. Bayview transferred servicing of Lansdown's loan to Shellpoint on January 23, 2020. *Id*. ¶ 38. On July 29, 2020, Lansdown's Motion for Preliminary Injunction was granted. *Id*. ¶ 39. Bayview and Shellpoint attempted to foreclose the Property on September 16, 2020. *Id*. ¶ 40. On September 21, 2020, Bayview cancelled the foreclosure sale. *Id*. ¶ 41.

**B.    Procedural Background**

On February 6, 2022, Lansdown filed the instant action against Defendants Bayview, Shellpoint, and DOES 1-10. ECF No. 1. On April 25, 2022, Lansdown filed a First Amended

---

should freely give leave when justice so requires."). Therefore, pursuant to Federal Rule of Civil Procedure 15, the Court **GRANTS** leave for Lansdown to file an amended complaint. The Court shall consider the first amended complaint, ECF No. 21, as the operative complaint in addressing the Motions to Dismiss.

Complaint. ECF No. 17. On May 13, 2022, Lansdown filed another First Amended Complaint ("FAC") naming Defendants Bayview, Shellpoint, BANA, and New York Bank Mellon. ECF No. 21. The FAC alleges the following causes of action: 1) violation of Federal Debt Collection Protection Act (against Bayview), 2) violation of Rosenthal Act (against Bayview), 3) intentional infliction of emotional distress ("IIED") (against Bayview), 4) breach of contract (against Bayview), 5) violation of Federal Debt Collection Protection Act (against Shellpoint), 6) violation of Rosenthal Act (against Shellpoint), 7) IIED (against Shellpoint), 8) breach of contract (against Shellpoint), and 9) Rescission (against all defendants). ECF No. 21 ¶¶ 19-126. Lansdown seeks rescission of the Memorandum of Understanding, Settlement Agreement, and Loan Modification Agreement based on Bayview's repudiation of Lansdown's payments and attempted foreclosure of the Property. *Id.* ¶ 125.

On May 9, 2022, Bayview and Shellpoint filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6). ECF No. 18. On May 23, 2022, Lansdown filed an opposition. ECF No. 26. On May 31, 2022, Bayview and Shellpoint filed a reply. ECF No. 28.

On June 6, 2022, BANA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 31, and a request for judicial notice, ECF No. 32. On June 20, 2022, Lansdown filed an opposition. ECF No. 33. On June 27, 2022, BANA filed a reply. ECF No. 34.

On August 21, 2022, the Court ordered the parties to submit supplemental briefing addressing whether Cal. R. Ct. App. I Emergency Rule 9 extends the statute of limitations on a FDCPA claim. ECF No. 36. The parties submitted supplemental briefings on September 7, 2022. ECF Nos. 37-38.

### III.   LEGAL STANDARD

**A.   12(b)(7)**

Rule 12(b)(7) permits a party to raise the defense of "failure to join a party under Rule 19." If an absent party is necessary and can be joined, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *United*

*States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). First, the Court determines whether the absent party is "necessary" under Rule 19(a)(1). *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). "If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Id*. "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the action must be dismissed." *Id*.

**B.     12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citations and quotations omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the Court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Therefore, the Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

(citations and quotations omitted).

## IV. DISCUSSION

### A. Motion to Dismiss by Bayview and Shellpoint

Bayview and Shellpoint (collectively "Defendants") move to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6). ECF No. 18.

#### 1. 12(b)(7)

Defendants argue Ellis Greenberg is a necessary party to the action because he is a signatory of the Deed of Trust, a co-borrower of the promissory note, and a co-borrower named on the Loan Modification Agreement. ECF Nos. 18 at 4-5; 28 at 4.

A party is necessary if: (a) complete relief cannot be granted in the party's absence; or (b) the Court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 880 (9th Cir. 2004) (quoting Fed.R.Civ.P. 19(a)). "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . . The determination is heavily influenced by the facts and circumstances of each case." *Peabody W. Coal Co.*, 610 F.3d at 1078 (quoting *N. Alaska Env't Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986)).

##### a. Whether Complete Relief Can be Granted

Defendants argue that the Court cannot grant complete relief among the existing parties in Greenberg's absence because Greenberg is a signatory to the 2001 Deed of Trust and Bayview's loan. ECF No. 18 at 5. Lansdown argues Greenberg is not a signatory of the contracts at issue in this case. ECF No. 26 at 6.

The issue of whether complete relief may be afforded is "concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). The concern regards "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46*

5

1  *N. Cal. Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)

2  (internal citation and quotations omitted). The Court considers whether the nonparty's absence

3  "would preclude the district court from fashioning meaningful relief as between the parties."

4  *Disabled Rights Action Comm.*, 375 F.3d at 879.

5        Here, Lansdown seeks damages and rescission of the Memorandum of Understanding,

6  Settlement Agreement, and Loan Modification Agreement. FAC ¶ 125. The FAC sufficiently

7  pleads Greenberg is not a signatory of these contracts. *See* ECF Nos. 21-3 (Memorandum of

8  Understanding); 21-6 (Settlement Agreement); and 21-8 (Loan Modification Agreement).

9  Because Greenberg is not a signatory, the Court may grant Lansdown's request for rescission. *See*

10 *Zhu v. Li*, Case No. 19-cv-2534-JSW, 2021 WL 6200504, at *2 (N.D. Cal. Nov. 24, 2021) ("[T]he

11 absence of Mr. Li will not preclude relief to either party. . . . Mr. Li is not a signatory to the Sale

12 Agreement."); *Royal Primo Corp. v. Whitewater West Industries, Ltd.*, Case No. 15-cv-4391-JCS,

13 2016 WL 4080177, at *5 (N.D. Cal. July 29, 2016) ("[T]he SAC alleges that only Plaintiffs and

14 Whitewater were parties to the oral contract and Plaintiffs' claims for fraud, quasi contract and

15 unfair business practices do not involve CDM. Thus, the Court can 'accord complete relief among

16 existing parties' in CDM's absence . . .). Moreover, if Lansdown prevails on damages, Defendants

17 would be able to pay damages without the presence of Greenberg. *See Zhu*, 2021 WL 6200504 at

18 *2 ("If Plaintiff were to prevail, Defendants would be required to pay damages and comply with

19 any required accounting, which they would be able to do without the presence of Mr. Li.").

20 Finally, although Greenberg signed the Property's deed of trust, the FAC adequately pleads that

21 Greenberg executed a Quit Claim Deed and transferred his interest to Lansdown. ECF No. 21 ¶

22 20. The Court finds complete relief can be granted in Greenberg's absence.

23       **b.**    **Whether Greenberg has Legally Cognizable Interests**

24       Defendants argue that Greenberg has an interest in the Loan Modification Agreement.

25 ECF No. 18 at 5. Lansdown argues Greenberg has no interest because he is not a signatory of the

26 Loan Modification Agreement. ECF No. 26 at 6.

27       Rule 19(a)(1)(B) requires the absent party "claim a legally protected interest relating to the

28 subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043

United States District Court
Northern District of California

1   (9th Cir. 1983).  "If a legally protected interest exists, the court must further determine whether
2   that interest will be impaired or impeded by the suit." *Makah Indian Tribe v. Verity*, 910 F.2d
3   555, 559 (9th Cir. 1990).

4   According to the FAC, Greenberg signed the Bayview promissory note and remains a co-borrower on the Bayview loan.  ECF Nos. 21 at ¶¶ 19-20; 21-12, Exhibit 12 at 9.  Therefore, Greenberg has an interest in Bayview loan, and this interest is related to Lansdown's claims because the Bayview loan is the subject of the Loan Modification Agreement.  However, "an interest that arises from terms in bargained contracts may be protected" if the interest is "substantial." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. California*, 547 F.3d 962, 970 (9th Cir. 2008).   The FAC does not allege that Greenberg is involved in the alleged breach of the Loan Modification Agreement and Defendants have failed to demonstrate how Greenberg's interest is substantial.  *See Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020) ("To come within the bounds of Rule 19(a)(1)(B)(i), the interest of the absent party must be a legally protected interest and not merely some stake in the outcome of the litigation."); *Disabled Rights Action Comm.*, 375 F.3d at 880-883 ("[A] financial stake in the outcome of the litigation is not a legally protected interest giving rise to § 19(a)(2) necessity."). Because Greenberg did not sign the Loan Modification Agreement, "Defendants cannot at the pleading stage rely on the [Loan Modification Agreement] to establish the existence of a contractual relationship" between Greenberg and the parties to this action.  *Gross Belsky Alonso LLP v. Henry Edelson*, Case No. 08-cv-4666-SBA, 2009 WL 1505284, at *5 (N.D. Cal. May 27, 2009).

Accordingly, the Court **DENIES** Defendants' 12(b)(7) motion to dismiss.  *See Sirna Therapeutics, Inc. v. Protiva Biotherapeutics, Inc.*, Case No. 06-cv-1361-MMC, 2006 WL 3491027, at *3 (N.D. Cal. Dec. 1, 2006) (Protiva USA is not a party to the Agreement and . . . does not claim any ownership interest in the intellectual property rights at issue therein. That Protiva USA ultimately may benefit financially . . . does not suffice to demonstrate that it has an interest.").

7

### 2. 12(b)(6)

#### a. First and Fifth Causes of Action: FDCPA

Defendants argue Lansdown's FDCPA claims are time-barred. ECF No. 18 at 6-7. Defendants also argue that neither Cal. R. App. I Emergency Rule 9 nor equitable tolling apply to Lansdown's FDCPA claims. ECF No. 38. Lansdown argues Emergency Rule 9 applies to her FDCPA claims, and that the COVID-19 pandemic warrants equitable tolling. ECF No. 37.

"The FDCPA prohibits debt collectors from using any 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Kaiser v. Cascade Capital*, 989 F.3d 1127, 1133 (9th Cir. 2021) (citing 15 U.S.C. § 1692). "[A]ctions to enforce liability for violations of the Act may be brought 'within one year from the date on which the violation occurs.'" *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (citing 15 U.S.C. § 1692k(d)). "Absent the application of an equitable doctrine, [the FDCPA's] statute of limitations begins to run when the alleged FDCPA violation occurs, not when the violation is discovered." *Rotkiske v. Klemm,* 140 S. Ct. 355, 357 (2019).

The Court joins other courts in California in finding Emergency Rule 9 does not extend the statute of limitations on federal claims. *See Shubin v. Universal Vacation Club*, Case No. 22-cv-2748-RSWL-AGRx, 2022 WL 3577247, at *3 (C.D. Cal. Aug. 18, 2022) ("California federal courts have been hesitant to apply Emergency Rule 9, at least in cases exercising federal question jurisdiction . . . This hesitancy in part stems from the fact that Emergency Rule 9 was issued by the California Judicial Council, and not any federal court or body."); *Sholes v. Cates*, Case No. 21-cv-1006-DAD-HBK, 2021 WL 5567381, at *5 (E.D. Cal. Nov. 29, 2021) ("[T]he the 'Emergency Rule' tolling of statutes of limitations for civil causes of action pending in California state court is not applicable to Sholes' federal habeas claim."); *Goerss v. Pacific Gas & Electric Co.,* Case No. 21-cv-4485-EMC, 2021 WL 4932134, at *6 (N.D. Cal. October 8, 2021) ("Ms. Goerss cannot rely on the California-issued emergency rule referenced above to get relief because she is not in state court."). Regarding equitable tolling, Lansdown fails to argue how the facts as pled in the FAC establish the application of equitable tolling to her FDCPA claims. *See Goerrs*, 2021 WL 4932134, at *6 ("[A]lthough [plaintiff] theoretically could argue that COVID-19 was still an

1    impediment to her, she would have to explain how the pandemic could justify her not filing until
2    July 2021. She has not done so. Indeed, as indicated above, Ms. Goerss must show that she has
3    acted with due diligence, and conditions in the Bay Area had certainly improved by the spring of
4    2021."); *Faircloth v. AR Resources*, Case No. 19-cv-5830-JCS, 2020 WL 820307, at *8 (N.D. Cal.
5    Feb. 19, 2020) ("Because the FAC does not plead facts showing that he pursued his rights
6    diligently, Plaintiff is not entitled to the benefit of equitable tolling, and Defendant's motion to
7    dismiss is GRANTED.").

8    Thus, construing the pleadings in the light most favorable to Lansdown, the last possible
9    date a FDCPA violation occurred was September 21, 2020.[3] FAC ¶ 41. Lansdown filed the
10   instant action on February 6, 2022—well over the one-year deadline of September 21, 2021. *See*
11   *Hernandez v. Specialized Loan Servicing LLC*, 836 Fed.Appx. 480, 482 (9th Cir. 2020) ("The
12   FDCPA requires that a plaintiff bring his action within one year of the date on which the alleged
13   violation occurred."). Because the facts as pled in the FAC show that the federal claims are
14   untimely, the Court **GRANTS** Defendants' Motion to Dismiss. In case Lansdown "could allege
15   facts supporting this or some other tolling doctrine," the Court **GRANTS** Lansdown leave to
16   amend. *See Faircloth*, 2020 WL 820307, at *8.

### b.   Second and Sixth Causes of Action: Violation of Rosenthal Act

18   Defendants argue Lansdown's Rosenthal Act claims are time-barred. ECF No. 18 at 6.
19   "Both the FDCPA and Rosenthal Act have a one-year statute of limitations from the date of the
20   violation." *Aliff et al. v. Vervent Inc. et al.,* Case No. 20-cv-697-DMS-AHG, 2022 WL 3588322,
21   at *10 (S.D. Cal. Aug. 22, 2022) (citing Cal. Civ. Code § 1788.30(f)). Because the Rosenthal Act
22   is a state law, the Court assumes that Emergency Rule 9 applies. Nonetheless, as discussed above
23   in footnote 3, even with the application of Emergency Rule 9, Lansdown still filed her claims too

---

[3] Even if Emergency Rule 9 applied to Lansdown's FDCPA claims, Lansdown's claims would still be time-barred. Emergency Rule 9 tolled the statute of limitations from April 6, 2020 to October 1, 2020. *See* Cal. Rules of Court, Emergency Rule 9. If the last FDCPA violation occurred on September 21, 2020, Emergency Rule 9 would extend the statute of limitations for Lansdown's FDCPA claims from September 2021 to October 2021. Lansdown's filing of the instant action on February 6, 2022 is still well past the October 2021 deadline.

9

1    late. The Court **GRANTS** Defendants' Motion to Dismiss Lansdown's Rosenthal Act claims.

2    The Court **GRANTS** Lansdown leave to amend.

###        c.        Third and Seventh Causes of Action: IIED

Defendants argue Lansdown's IIED claims fail because the Property did not foreclose and an IIED claim may not arise from a breach of contract claim. ECF No. 18 at 7-8. Lansdown argues Defendants' actions were intentional and the FAC adequately alleges her emotional distress. ECF No. 26 at 11.

A claim for IIED requires (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (citing *Hugh v. Pair*, 46 Cal.4th 1035, 1050-51 (2009)). For conduct to be outrageous, "[t]he conduct must be so extreme as to exceed the bounds of what is "usually tolerated in civilized community." *Hughes*, 46 Cal.4th at 1050.

The FAC alleges Lansdown "suffered personal humiliation, embarrassment, mental anguish, and emotional distress" caused by the last-minute cancellation of foreclosure sales. ECF No. 21 ¶¶ 43, 82. The FAC also alleges "Defendants conduct was intentional and malicious" and "done with the knowledge that [Lansdown's] emotional and physical distress." *Id*. ¶¶ 63, 105. The Court finds these allegations to be conclusory and insufficient to plead an IIED claim. *Compare Faulks v. Wells Fargo & Co*., Case No. 13-cv-2871-MEJ, 2015 WL 4914986, at *6 (N.D. Cal. Aug. 17, 2015) (finding IIED claim sufficient where defendant's "actions went beyond the typically emotionally-fraught foreclosure process" and "engaged in a scheme to make it extremely difficult for him to ensure that all requested information was timely submitted and that a proper modification review could take place.") *with Kennedy v. World Savings Bank, FSB*, Case No. 14-cv-5516-JCS, 2015 WL 1814634, at *9 (N.D. Cal. Apr. 21, 2015) (finding IIED claim not sufficient where foreclosure "lost [plaintiff] his property and ultimately led him to suffer severe emotional distress" and plaintiff did "not allege any facts as to how the foreclosure was intended to cause him emotional distress specifically."). "California courts have specifically ruled that

10

foreclosure proceedings conducted without threat or insult . . . do not give rise to an IIED claim." *Gustafson v. SunTrust Mortgage, Inc.*, 752 Fed.Appx. 495, 497 (9th Cir. 2019); *see Chang v. Wachovia Mortg., FSB*, Case No. 11-cv-1951, 2011 WL 5552899, at *8 (N.D. Cal. Nov. 15, 2011) ("Plaintiff has merely pled that, on multiple occasions, Defendants communicated the possibility of a loan modification or other loss mitigation options. The fact that Defendants ultimately found Plaintiff ineligible for a modification and exercised their legal right to sell the property does not render this conduct outrageous.").

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss as to Lansdown's IIED claims. The Court **GRANTS** Lansdown leave to amend.

### d. Fourth and Eighth Causes of Action: Breach of Contract

Defendants argue the FAC fails to sufficiently allege Lansdown performed under the Memorandum of Understanding. ECF No. 18 at 9-10. Lansdown argues the FAC alleges the existence of the deed of trust, her performance of the Memorandum of Understanding, and breach of contract. ECF No. 26 at 14-15.

The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). Federal Rule of Civil Procedure 9(c) states "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."

Here, the FAC alleges Lansdown "has been performing the Memorandum of Understanding," "is not in default under legal obligations," and "offered to cure the alleged missed payments." ECF No. 21 ¶¶ 72, 74, 109, 111. Under the liberal pleadings standards of FRCP 9(c), the Court finds the FAC sufficiently alleges Lansdown's performance. *See Kiernan v. Zurich Companies*, 150 F.3d 1120, 1124 (9th Cir. 1998) (finding allegation that incident occurred "while the policy was in full force and effect" sufficient to plead plaintiff satisfied conditions precedent); *Archer Western Contractors, Ltd. V. Liberty Mutual Ins. Co.*, Case No. 14-cv-3041-DMG (MANx), 2014 WL 12607699, at *4 (C.D. Cal. Aug. 13, 2014) ("[U]nder Rule 9(c)'s liberal pleading standard, AWC's allegation that it 'performed all covenants and conditions required of it

11

under the National Union Policy' is sufficient to survive a motion to dismiss."); *Textainer Equip. Mgmt. (U.S.) Ltd. v. TRS Inc*., Case No. 07-cv-01519 WHA, 2007 WL 1795695, at *2 (N.D. Cal. June 20, 2007) ("[P]laintiff pleads that it 'has performed all obligations under the Lease Agreement due and owing to defendants and/or Lessee, except for those which Plaintiff was prevented or excused from performing' . . . [Plaintiff] has pleaded all the necessary elements . . . More detail is not necessary at this time."). The Court **DENIES** Defendants' Motion to Dismiss Lansdown's breach of contract claims.

### e. Ninth Cause of Action: Rescission

Defendants argue the FAC fails to state a cause of action for rescission because Lansdown failed to provide notice of intent to rescind and failed to restore items of value. ECF No. 18 at 10-11. Lansdown argues she provided notice through service in the instant action, and restoration is not currently required because delay would not prejudice Defendants. ECF No. 26 at 16.

The Court agrees with Lansdown. "When notice of rescission . . . under the contract has not otherwise been made, the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice or offer or both." *Wong v. Stoler*, 237 Cal. App. 4th 1375, 1385-86 (2015). Regarding restoration, Defendants fail to respond to Lansdown's argument concerning prejudice of delay under California Civil Code § 1693. *See* Cal.Civ.Code § 1693 ("A party who has received benefits by reason of a contract that is subject to rescission . . . shall not be denied relief because of a delay in restoring or in tendering restoration of such benefits before judgment unless such delay has been substantially prejudicial to the other party . . . ."); *In re Consolidated Pretrial Proceedings in Air West Securities Litig.,* 436 F. Supp. 1281, 1290 (N.D. Cal. 1977) ("Promptness in seeking rescission of an act induced by duress is not a prerequisite plaintiff must establish; rather, it is the defendant who must assert that he is prejudiced by plaintiff's unreasonable delay."). Accordingly, the Court must **DENY** Defendants' Motion to Dismiss Lansdown's rescission claim.

12

**B.    Motion to Dismiss by BANA[4]**

BANA argues there is no standalone cause of action for rescission and the FAC fails to sufficiently plead the basis for rescission. ECF No. 31 at 5-6. Lansdown fails to respond to any of BANA's arguments and seeks leave to amend. ECF No. 33 at 8-11.

The Court **GRANTS** BANA's Motion to Dismiss Lansdown's Rescission Claims. *See Jozinovich v. JP Morgan Chase Bank, N.A.*, Case No. 09-cv-3326, 2010 WL 234895, at *7 (N.D. Cal. Jan. 14, 2010) ("Plaintiff's tenth cause of action is for rescission. Rescission is not an independent cause of action, but rather a remedy.").

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss by Bayview and Shellpoint, and **GRANTS** BANA's Motion to Dismiss. The Court **GRANTS** Lansdown leave to amend. Lansdown shall file a Second Amended Complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**

Dated: September 13, 2022

THOMAS S. HIXSON
United States Magistrate Judge

---

[4] BANA requests the Court take judicial notice of Lansdown's complaint in Sonoma County Superior Court. ECF No. 32. Lansdown did not file an objection to BANA's request. The Court **GRANTS** BANA's request for judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

13